UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARCUS I. SNELL, | |
| Petitioner, | |
| v. | CAUSE NO. 3:20-CV-120-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Marcus I. Snell, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISR-19-7-110) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of using a cellphone in violation of Indiana Department of Correction Offense 121. Following a disciplinary hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Snell argues that he is entitled to habeas relief because an investigator issued the conduct report in retaliation for Snell filing a grievance against him. "Prisoners are entitled to be free from arbitrary actions of prison officials. The protections against this arbitrary action, however, are the procedural due process requirements as set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974)." *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984) "[R]etaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process."

*Lee v. Berge*, 14 F. App'x 690, 693 (7th Cir. 2001). Therefore, the claim of retaliation is not a basis for habeas relief.

Snell argues that he is entitled to habeas relief because the hearing officer did not allow him to present the video recording of Snell admitting that he used the cellphone and of the investigator responding that he would not charge Snell with a disciplinary offense because Snell had been honest with him. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* At screening, Snell requested the "interview tape of him admitting using a cellphone to call the employee." ECF 6-2. The administrative record includes such a recording, indicating that correctional staff responded reasonably to this request. ECF 6-6; ECF 10.

Snell further maintains that there was another video recording in which the investigator told Snell that he would not charge Snell with a disciplinary offense due to Snell's honesty, which would have demonstrated the investigator's retaliatory motive in issuing the conduct report. He did not specifically request a video recording with this statement from the investigator at screening. Further, Snell cites no departmental regulation or other legal authority to suggest that retaliatory motive is an available defense in prison disciplinary proceedings, so it is unclear how this recording would

2

have persuaded the hearing officer to dismiss the disciplinary charge or would have otherwise affected the outcome of the disciplinary hearing.

Snell also argues that he is entitled to habeas relief because the investigator did not prepare the conduct report within twenty-four hours and did not serve it within seven days as required by departmental policy. The preparation and service of a conduct report within these timeframes is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Further, the failure to follow departmental policy does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

Because Snell has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Snell wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Marcus I. Snell leave to proceed in forma pauperis on appeal.

SO ORDERED on June 1, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT